Kristin Zilberstein, Esq., (SBN 200041)
Jennifer R. Bergh, Esq., (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732

Attorneys for Movant, U.S. Bank Trust N.A., as Trustee of the Igloo Series III Trust, its successors and assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br>Gabriel Orion Gutierrez,<br><br>    Debtor. | CASE NO.: 16-41297<br><br>CHAPTER 13<br><br>REF.: MRG-1<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>DATE: November 15, 2018<br>TIME: 1:30 p.m.<br>CTRM: 220<br>PLACE: 1300 Clay Street, 2nd Floor<br>           Oakland, CA 94612<br><br>Honorable Judge William J. Lafferty |

    The Motion of U.S. Bank Trust N.A., as Trustee of the Igloo Series III Trust ("**Movant**") respectfully shows as follows:

    1.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

    2.    On May 11, 2016, Gabriel Orion Gutierrez (the "**Debtor**") filed a petition under Chapter 13 of the United States Bankruptcy Code ("**Instant Petition**").

1
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

3. Debtor and Borrower, Grace C. Floyd (the "**Borrower**") executed and delivered to Wells Fargo Bank, N.A., a Note, dated December 3, 2007, with an original principal balance of $645,300.00 (the "**Note**").

4. Concurrently therewith, and as security for the Note, Debtor and Borrower executed and delivered to Wells Fargo Bank, N.A., a Deed of Trust with was recorded in the Official Recods of Santa Cruz, California as Document No.: 2007-0063352 (the "**Deed of Trust**"), and which encumbers the Property.

5. Thereafter, all interests in the Deed of Trust were assigned to Movant by Assignment of Deed of Trust.

6. Movant is the current beneficiary of the Deed of Trust.

7. Pursuant to the Deed of Trust, Movant is entitled to recover attorneys' fees and Costs in connection with the matter herein.

8. Pursuant to the Deed of Trust, Movant is entitled to take the necessary steps to protect its security interest in the Property, including advancing taxes, insurance, foreclosure fees and costs and attorney's fees and costs and to assess the costs plus interest, to the balance due under the loan.

9. Movant's loan is post-petition due for the September 1, 2016 payment and all subsequent payments as follows:

| | | |
|---|---|---|
| 09/01/2016-04/01/2017 | 8 Payments @ $1,712.90 | = $13,703.20 |
| 05/01/2017-01/01/2018 | 9 Payments @ $1,717.62 | = $15,458.58 |
| 02/01/2018-10/01/2018 | 9 Payments @ $1,702.20 | = $15,319.80 |
| 10/01/2018 | MFR Attorney Fees | = $1,081.00 |
| **Total Post-Petition Default** | | **= $45,562.58** |

10. The current unpaid principal balance is no less than approximately $239,000.66.

11. The total owed to Movant is no less than approximately $274,342.04.

12. The Debtor is not in the process of a Loan Modification.

13. Movant does not have, and has not been offered, adequate protection for its

interest in the Property and the passage of time will result in irreparable injury to Movant's interest in the Property including, but not limited to, loss of interest and opportunity.

14. The Debtors' confirmed Chapter 13 Plan indicates the Debtor will make monthly mortgage payments to Movant. However, the Debtor is not current with his monthly mortgage payments to Movant and thus have failed to comply with the terms of his Chapter 13 Plan

15. For all the reasons set forth herein, there is cause for relief from stay including, but not limited to lack of adequate protection and the Debtors' failure to make the payments required by her confirmed Chapter 13 Plan and as required under the Note and Deed of Trust.

16. WHEREFORE, Movant prays for the judgment against Debtor as follows:

(1) That the automatic stay be terminated so that Movant may exercise or cause to be exercised any and all rights under its Note and/or deed of trust and any and all rights after the foreclosure sale, including, but not limited to, the right to commence foreclosure proceedings on the property and the right to proceed in unlawful detainer;

(2) The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor;

(3) For reasonable attorneys' fees as a secured claim under 11 U.S.C. Section 506(b);

(4) For the waiver of the 14 day stay pursuant to Bankruptcy Rule 4001(a) (3);

(5) For costs incurred or expended in suit herein; and

(6) For such other and further relief as the Court deems just and proper.

Dated: October 23, 2018

/s/ Kristin Zilberstein, Esq.
Kristin Zilberstein, Esq.,
Attorney for Movant U.S. Bank Trust N.A., as
Trustee of the Igloo Series III Trust